

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2010

# Hong Ren v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1062

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Hong Ren v. Atty Gen USA" (2010). *2010 Decisions.* Paper 1693.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1693

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1062
_____

HONG REN,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A77-122-625)
Immigration Judge: Annie S. Garcy
_____

Submitted Under Third Circuit LAR 34.1(a)
March 17, 2010
Before:  SCIRICA, Chief Judge, SMITH and WEIS Circuit Judges

(Opinion filed:   March 18, 2010)
_____

OPINION
_____

PER CURIAM.

        Hong Ren seeks review of the Board of Immigration Appeals' ("BIA")

denial of her motion to reopen proceedings.  Because we conclude that the BIA did not

abuse its discretion in denying that motion, we will deny Ren's petition for review.

1

**I.**

Petitioner Hong Ren, a citizen of the People's Republic of China and a native of the Fujian Province, left China after she was ordered to report for insertion of an intra-uterine device ("IUD"). She entered the United States without inspection in June 1999 and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), claiming a well-founded fear of persecution for opposing China's coercive population control policies. The Immigration Judge denied her application, and the BIA dismissed her appeal in 2003.

Ren filed a motion to reopen proceedings in August 2008, claiming that she fears that she will be forcibly sterilized in China due to the birth of her two sons in the United States. On December 11, 2008, the BIA denied relief, concluding that the motion to reopen exceeded the time limitations under 8 C.F.R. § 1003.2(c)(2). Ren filed a timely petition for review.

**II.**

We have jurisdiction under 8 U.S.C. § 1252(a) to review the denial of Ren's motion to reopen. We review the denial of a motion to reopen for abuse of discretion. Liu v. Attorney General, 555 F.3d 145, 148 (3d Cir. 2009). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

2

In general, motions to reopen must be filed within ninety days from the date "the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). This time limitation does not apply if the movant seeks reopening "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

### III.

In support of reopening, Ren submitted a new asylum application and affidavit. She also provided: (1) an affidavit from her husband; (2) her marriage certificate; (3) her children's birth certificates; (4) statements and identity documents from her mother and her father-in-law in China; (5) the 2007 Country Report on China; (6) the 2004 Country Report on China; (7) the 2004 congressional testimony of T. Kumar; (8) a media report; (9) three notices from the Birth Control Office of Mawei Town; (10) three notices from the Village Committee of Xinma Village, Mawei Town, Mawei District, Fuzhou City; and (11) statements, sterilization notices and certificates, medical reports, a photograph, and identity documents from relatives and friends in China. After carefully reviewing the record, we conclude that the BIA did not abuse its discretion in determining that Ren's documentary evidence did not establish materially changed conditions in China.

3

Ren claims the BIA abused its discretion in failing to consider her evidence. She claims the BIA did not mention "the majority" of her evidence, including the three sterilization notices from the Village Committee and their "significant escalation of tone and language," or the letters from her family. While Ren is correct that we have remanded cases in which the BIA failed to consider important evidence in support of reopening, see, e.g., Zheng v. Att'y Gen., 549 F.3d 260, 268-69 (3d Cir. 2008), such is not the case here. The BIA specifically mentioned the majority of her evidence, including the sterilization notices and the letters from her family.

The BIA found that the identity documents and all but one of the sterilization notices were black and white copies that do not contain original signatures, seals, or authenticating information. See 8 C.F.R. § 287.6. Ren failed to explain her failure to provide authentication. She also fails to address the issue in her brief, and, as such, the issue is waived. See Bagot v. Ashcroft, 398 F.3d 252, 256 (3d Cir. 2005) (holding that absent exceptional circumstances, a litigant waives an issue by failing to present it). Even if we were to consider the issue, we would not be compelled to disagree with the BIA's decision to reject the evidence. While we have held that failure to authenticate under § 287.6 does not warrant "per se exclusion of documentary evidence, and a petitioner is permitted to prove authenticity in another manner," Ren's failure to authenticate her evidence in any manner undermines its evidentiary value. Chen v. Gonzales, 434 F.3d 212, 218 n.6 (3d Cir. 2005).

4

Ren's remaining evidence includes her affidavit, which is based in part on information from the unauthenticated documents, marriage and birth certificates, statement from her husband, and the 2007 Country Report. The BIA concluded that this evidence merely establishes that Ren's personal circumstances have changed, and is insufficient to support reopening. See Liu, 555 F.3d at 148. We agree that she has not shown changed circumstances in China to satisfy the exception to the time limitation for filing a motion. 8 C.F.R. §§ 1003.2(c)(2), (3)(ii).

## IV.

For the foregoing reasons, we will deny the petition for review.